# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 13, 2024

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GEORGIA JACKSON, | * | No. 22-1686V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Edward I. Zwilling,* Law Office of Edward I. Zwilling, LLC, Birmingham, AL, for Petitioner.
*Felicia Langel,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On November 15, 2022, Georgia Jackson ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine she received on October 6, 2021, caused her to suffer from Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating neuropathy ("CIDP"). *See* Pet. at 1, ECF No. 1. Petitioner further alleged that her injury lasted for more than six months. *Id.* ¶ 8.

On May 9, 2024, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. Stipulation ¶ 7, ECF No. 27. Respondent "denies that [P]etitioner sustained GBS or CIDP; denies that the flu vaccine caused [P]etitioner's alleged GBS or CIDP, or any other injury; and denies that her current condition is a sequela of a vaccine-related injury." *Id.* ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. *See id.* ¶ 7. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

The parties stipulate that Petitioner shall receive the following compensation:

**A lump sum of $20,000.00 in the form of a check payable to [P]etitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.* ¶ 8.

I approve the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>s/Herbrina D. Sanders</u>
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

GEORGIA JACKSON,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

No. 22-1686V
Special Master Sanders
ECF

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Petitioner, Georgia Jackson, filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table ("Table"), 42

C.F.R. § 100.3(a).

2. Petitioner received the flu vaccine on or about October 6, 2021.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered from Guillain-Barré Syndrome ("GBS")

or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") that was caused-in-fact by

the flu vaccine. She further alleges that she experienced the residual effects of this condition for

more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages as a result of her condition.

6. Respondent denies that petitioner sustained GBS or CIDP; denies that the flu vaccine caused petitioner's alleged GBS or CIDP, or any other injury; and denies that her current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled, and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

A lump sum of $20,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act), or entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i) and subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors, and/or assigns, does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims under the Vaccine Program on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of, petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on or about October 6, 2021, as alleged by petitioner in a petition for vaccine compensation filed on or about November 15, 2022, in the United States Court of Federal Claims as petition No. 22-1686V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court of Federal Claims on behalf of either or both of the parties.

3

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment, or do any act or thing, other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and, further, that a change in the nature of the injury or condition, or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, CIDP, or any other injury or condition or any of her current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

GEORGIA JACKSON

**ATTORNEY OF RECORD FOR PETITIONER:**

EDWARD I. ZWILLING
LAW OFFICE OF EDWARD I. ZWILLING, LLC
4000 Eagle Point Corporate Drive
Birmingham AL 35242
edwardzwilling@zwillinglaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.05.02 09:19:35 -04'00'
for

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

FELICIA D. LANGEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
felicia.d.langel@usdoj.gov

DATE: _5/9/2024_